UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ABDERRAHMAN DALI,

    Plaintiff,

v().  Case No:   6:15-cv-1903-Orl-41TBS

SECRETARY, DEPARTMENT OF
HOMELAND SECURITY, DIRECTOR,
CITIZENSHIP AND IMMIGRATION
SERVICES, DISTRICT DIRECTOR,
CITIZENSHIP AND IMMIGRATION
SERVICES, TAMPA, FLORIDA and
ACTING FIELD OFFICE DIRECTOR,
CITIZENSHIP AND IMMIGRATION
SERVICES,

    Defendants.

## ORDER

Defendants' Motion and Memorandum to Restrict Courthouse Access to Unredacted Exhibits Submitted in Support of Defendants' Motion for Summary Judgment (Doc. 26) is **DENIED without prejudice** because it does not contain a memorandum of law as required by M.D. FLA. Rule 3.01(a).   By this motion, Defendants' seek to prevent the public from being able to view and read unredacted copies of exhibits filed in support of their motion for summary judgment.

"Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case."  Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992).   While the parties to a lawsuit "have protectable privacy interests in confidential information disclosed through discovery," once the information becomes a judicial record or public document, the public has a common-law right to

inspect and copy the information.  In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987).  "The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it).  He may not rubber stamp a stipulation to seal the record."  Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. Feb. 15, 2002) (quoting Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999)).  "[I]t is the rights of the public, an absent third party, which are preserved by prohibiting closure of public records, unless unusual circumstances exist."  Wilson v. Am. Motors Corp., 759 F.2d 1568, 1570 (11th Cir. 1985).

The exhibits in question were filed in support of a dispositive motion.  "A motion that is 'presented to the court to invoke its powers or affect its decisions,' whether or not characterized as dispositive, is subject to the public right of access."  Romero v. Drummond Co., Inc., 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995); Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1312 (11th Cir. 2001) ("The better rule is that material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right, and we so hold.")).

The public's right of access may be overcome by a showing of "good cause" sufficient for the granting of a protective order pursuant to FED. R. CIV. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person form annoyance, embarrassment, oppression, or undue burden or expense ….").  "'Good cause' is a well established legal phrase.  Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action."  In re Alexander Grant

& Co. Litig., 820 F.2d at 356. Factors a court may consider in determining the existence of good cause include: "(1) the severity and the likelihood of the perceived harm; (2) the precision with which the order is drawn; (3) the availability of a less onerous alternative; and (4) the duration of the order." Id. (quoting Kleiner v. First Nat'l Bank of Atlanta, 751 F.2d 1193, 1205 (11th Cir. 1985).

The Eleventh Circuit has "superimposed a somewhat more demanding balancing or interests approach to the" good cause requirement in Rule 26(c). Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). This means that before making its decision, the court has a duty to balance the public's right of access against the party's interest in confidentiality. "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other facts, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Romero, 480 F.3d at 1246.

Lastly, although not denominated as a motion to seal, the practical effect of the relief Defendants seek is the same. Motions to seal must comply with M.D. FLA. Rule 1.09.

**DONE** and **ORDERED** in Orlando, Florida on May 20, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record